EASTERN DIST.
February, 1835.

CASTEL ET ALS.
vs.
THEIR CREDI-
TORS ET ALS.

## CASTEL & DEVAUX vs. THEIR CREDITORS ET ALS.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

On an issue of fraud, the verdict of the jury is entitled to great weight; yet on examining the evidence, if it appears the demands of justice would be best promoted by another trial, the cause will be remanded.

Lafaye and Delpeuch, two of the creditors of the plaintiffs, made opposition to the homologation of the proceedings of the creditors of the insolvents, so far as they had a tendency to discharge the insolvent debtors, or lessen their liabilities, on the ground of fraud, in not making a fair exhibit of their property, and giving undue preference to other creditors over them, and gambling and wasting away their property, &c.

Several specific charges of fraud were made out, to which a general denial was pleaded, and the case, on the evidence produced, was submitted to a jury, who returned a verdict discharging the defendants.

The opposing creditors moved for a new trial, on the ground that the verdict was contrary to law and evidence. The parish judge considered that the jury, when a fair trial was had, were the best judges of the *intentions* of the insolvents to commit a fraud, as charged ; and having discharged them, on the whole evidence, refused the motion. From judgment rendered on the verdict, the opposing creditors appealed.

*Canon,* for the opposing creditors and appellants.

*Soulé, contra.*

*Martin J.,* delivered the opinion of the court.

Lafaye and Delpeuch, opposing creditors, have appealed from a judgment, discharging the insolvent debtors from an accusation of fraud.

Great is the weight which this court is ever accustomed to allow to a verdict, on an issue of fraud, especially when the party accused is discharged. But on a close attention and examination of the evidence in this case, the impression left on the mind of the court is, that the ends of justice would be best promoted by remanding the case for a second trial.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed, the verdict set aside, and the case remanded for a new trial, the appellees paying the costs of the appeal.

*Eastern Dist.*
*February, 1835.*

On an issue of fraud, the verdict of the jury is entitled to great weight; yet on examining the evidence, if it appears the demands of justice would be best promoted by another trial, the cause will be remanded.